The first case on our call is agenda number one, number 128492, People of the State of Illinois versus Richard Huff. Counsel for the appellate, are you prepared to proceed? Good morning, and may it please the court, counsel, my name is John Graffel, I represent Richard Huff, the petitioner appellate. This case is about the standard of representation that is required during the second stage at the Post-Conviction Hearing Act, and specifically, what counsel is required to do when appointed to represent a petitioner who has filed a facially frivolous pro se petition for post-conviction relief. In this case, Mr. Huff filed a pro se petition that raised an apprendee claim that could not advance to a third stage evidentiary hearing without an amendment. It advanced to a second stage hearing, but instead of amending that pro se petition or moving to withdraw, counsel filed a 651 certificate and stood on that certificate, even after the state filed a motion to dismiss, highlighting the problems in the petition and raising the affirmative defense of timeliness. And hearing on that, yes, your honor. Do we know whether or not counsel below also found the petition to be frivolous and without merit? We do not, your honor, but I think that counsel's subjective evaluation of the petition is irrelevant for the purposes of this claim. The standard is reasonableness, and what we, I think, need to focus on is the reasonableness of counsel's conduct. Here- And we have a 651C affidavit, so to speak, filed, is that correct? Correct, your honor. So where does that leave us? Well, the law is very clear. 651C imposes certain duties on counsel, and one of those duties is to amend a pro se petition to state a non-frivolous claim if an amendment is possible. We know counsel did not do that in this case. We don't know why counsel did not do that, but we know counsel- I'm talking about the presumption that comes with 651C. Yes, your honor. There is a presumption that comes with 651C, but it's a rebuttable presumption, and in this case, the record rebuts the presumption because the law, and the law has been this way for years, starting with Greer going on to Cooner and extending on to Zura, that if counsel does not believe that the petition has arguable merit, counsel has to withdraw. In fact, just two terms ago, this court wrote, post-conviction counsel is ethically obligated to withdraw if he or she believes there are no meritorious issues. So that brings me back to my first question. Do we know whether or not counsel found it to be frivolous or meritless? Because you're talking about triggering that obligation to file a motion to withdraw if that is the case. There's no reasonable attorney could have looked at the pro se petition and determined that it had arguable merit, not substantively, but certainly not after the state filed a motion to dismiss arguing timeliness. Once timeliness was raised, the petition had to be dismissed unless counsel addressed those claims. And so if counsel believed that counsel could not address those claims, the answer was not to stand on the petition. The answer was to file a motion to dismiss so that the defendant can then come in and respond or maybe even withdraw the petition altogether to avoid the harsh consequences of dismissal of this initial petition for post-conviction relief. Counsel, I have yet to find any explanation or argument about what it is that the defendant thinks needed to be amended. What is the amendment that he claims needed to be made in order to put this in proper form? Well, the focus is not necessarily on what amendment could have been offered. I think, Your Honor, the focus is on what counsel did and whether that was objectively reasonable. The focus is not on the substantive of the petition, the substance of the petition, it is on counsel's reasonableness, which has always been the standard that this Court has used to judge second-stage petitions. So I think... Well, is it reasonable maybe to think that he doesn't or she didn't think it was frivolous but maybe simply weak, a weak argument? Would that require a motion to withdraw? I think what that would have required was some affirmative action by counsel to at least explain why she believed that there was arguable merit, if even weak arguable merit. Here we have counsel who have offered absolutely no suggestion that the pro se petition had merit. Even when asked directly by the Circuit Court during the hearing on the State's motion to dismiss, counsel just said, I'm not going to make any argument, I'm just going to rely on the pro se petition or her 651C certificate. But the fact of the matter is, this is almost identical to the Apprendi claim that was raised in Suarez, which this Court recognized was frivolous, as written at least. And even in Suarez, the case went back for new second-stage proceedings because this Court acknowledged that counsel acted unreasonably in that case. It's not an issue about whether the pro se petition has any arguable merit, the issue is whether counsel acted reasonably. And here, counsel did not act reasonably, there were only two options, to amend the petition to state an arguably meritorious claim, or to withdraw, and since counsel did neither of those things, counsel was unreasonable. Can I follow up on that? Because I think we're focusing on unreasonable assistance, and that's the standard, the statutorily guaranteed right of the petitioner, and I think your argument is that the petitioner did not receive that reasonable assistance, where PC counsel did not move to withdraw. That seems to be your argument. And obviously, when there's a motion to withdraw, we know the cases say that the counsel then has to explain to the court why the petition is meritless. Instead of doing that, counsel here stood on the petition and presented it to the court, for the court to make that determination rather than the lawyer making that determination. So my question is, if we're looking at reasonable assistance, how does it assist the petitioner to have the lawyer withdraw? Excuse me, Your Honor, I think in a couple of ways. First, the issue is not solely that counsel fails to file a motion to withdraw, there's a duality here. It's that counsel fails to amend the petition or withdraw. So I don't think that this Court can find with confidence that there were no possible meritorious claims that could have been added to the petition. Was that the question that Justice O'Brien asked you? What else was there to say? I don't know how the apprendee claim could have been amended itself to present an arguably meritorious issue. Perhaps counsel could... Let's just stop there and say, okay, you can't think of a way it could be amended. So in your theory, counsel must withdraw. How does that assist the petitioner? That's the focus, it seems to me, that we should be looking at. I want to circle back to 651 in a second, Your Honor, but with respect to how it assists the petitioner, if counsel files a motion to withdraw, that indicates to the Court that counsel has given full consideration of all of the defendant's claims, which is an issue that's going to come up in the next case that this Court hears. It gives the Court assurance that the counsel has understood the defendant's claims, addressed them properly under the proper legal standard, determined that there are no additional contentions that the defendant wishes to raise after speaking with the defendant, and then gives the defendant an opportunity to come in and either corroborate counsel's statements with regards to the investigation that was done, or to explain why counsel was wrong. And it's not unheard of for counsel to make an incorrect assumption or assessment of the defendant's claims. We have, in the appellate context, Anders briefs and Finley briefs that are denied after the defendant gets to weigh in, and then the case goes back so that counsel can raise the arguably meritorious issue that counsel believed lacked merit in the first place. It ends up being a due process issue, particularly in the context of direct appeal. That's what the United States Supreme Court said in Anders, which is why it crafted the Anders procedure in the first place. There's no reason... Guaranteed right to reasonable assistance, correct? That's correct, Your Honor, but due process applies regardless. This came up in Pingleton that was decided two terms ago. This court found that post-conviction petitioners have a right to due process, procedural due process. And that requires, at least according to the United States Supreme Court Anders, when counsel is foisted upon a defendant, that counsel understand the defendant's claims, and if to withdraw. And that allows the defendant a voice in the proceedings. It allows the defendant to come in and say, counsel misunderstood X, Y, and Z, or counsel didn't listen to me when I said these other things, or counsel didn't understand the law. Instead, what we have is a completely non-adversarial proceeding where counsel doesn't argue at all that the defendant's claim has merit. The defendant is constructively silenced because the defendant cannot speak to the court while Because counsel waived his appearance at the critical hearing on the state's motion to dismiss. Is there a requirement that the petitioner be present? No, there is not, Your Honor, but there is a requirement that the petitioner be offered due process of law in this particular circumstance when the defendant cannot speak to the court, and then the defendant is not present to even speak to the court if that were even allowed. Then there's no assurance that the defendant's claims have actually been heard. And that's ultimately the crux of our due process argument, but this court doesn't need to decide this case on due process grounds. The law here has been consistent with respect to second stage proceedings for decades. We are simply asking this court to apply the law that currently exists. We're not asking for anything new. The state is asking for new law. We are simply asking that this court continue to hold that counsel is ethically obligated to withdraw when counsel cannot find a way to amend a facially frivolous petition, or counsel must affirmatively amend that petition if there is a way to do it, and that if counsel doesn't do that, that rebuts the presumption created by the 651C certificate, which requires remand for new second stage proceedings. Are you proposing that counsel simply withdraw, or is he supposed to file a motion delineating in chapter and verse why the petitioner's petition is devoid of merit? You brought up adversarial proceedings. Is that an adversarial proceeding when your own attorney is arguing against you? Well, ultimately, the hope is that there's a process that allows the defendant to defend against the state's motion to dismiss. What happened here did not provide the defendant, either pro se or through counsel, an opportunity to defend against the state's motion to dismiss. The last word that we had on the merits of the defendant's claim were the state's motion, and then nothing. Silence from counsel, silence from the defendant. Now, what a specific motion to withdraw would look like is going to be a question for another case. But here, we have nothing. We have no motion to withdraw, nor did we have an amendment offered by counsel. Why would it be enough just to withdraw? Say I'm withdrawing, I wish to proceed no further, which puts the defendant in a position where he can argue himself or get other counsel. I think that would at least get us closer to what we need to have happen. I have to take a closer look at Rule 13, which delineates the procedure for counsel to withdraw. I believe counsel has to file a motion to withdraw. The defendant's given 30 days to respond. I think at that particular juncture, the defendant may not wish to be without counsel, but may wish to have counsel advocate on the defendant's behalf. So in this particular circumstance, or maybe in the hypothetical that Your Honor is proposing, if defense counsel made an oral motion to withdraw, the defendant would at least have to have an opportunity to respond to that motion, and even then could probably say, I want counsel, I just want counsel to advocate these claims, or these claims have merit for these reasons. But in this case, none of that happened. Does 651 require the court to provide a petitioner with more than one attorney? 651C requires the court to provide the petitioner with reasonable counsel. And in this case, there was never reasonable counsel. Now, I don't know how many attorneys are necessary to provide reasonable counsel. In this case, more than one. This attorney did not provide reasonable assistance, and that's why we're arguing that the case must go back for new second stage proceedings with reasonable counsel. May I follow through on that? I mean, I'm not sure it's 651 we should be looking at, but the statute itself, the statute talks about an attorney to be appointed. It doesn't talk about a series of attorneys. But am I correct that your, the remedy you seek here, is a remand where another lawyer is appointed, understanding where we are, and the discussions and the concessions are made here. Under your theory, the only option that new lawyer would have would be to move to withdraw and explain why, because the cases have said a motion of withdrawal has to explain, the lawyer has to explain why the claims are meritless. And then the petitioner either pro se, or maybe be able to hire an attorney, but of course he's incarcerated, so it's going to be difficult. Then the petitioner himself could respond to the motion of withdrawal and all of the reasons why second counsel says it's without merit. But of course, it's been conceded here that the claim that's been presented is without merit. And so after that discussion, doesn't the court, in this case, won't the court have to grant the motion of withdrawal, and then have to dismiss this petition for being meritless? Isn't that where we're going? Isn't that what you're asking for? Why are we doing this? We're doing this for two reasons. One, because this has been the case law of this court for decades. Recently affirmed in Addison, going back to Suarez, to Turner, to Brown, all the way back to cases in the 60s, where this court says that unreasonable assistance requires remand. But I think the better answer is also that we don't exactly know if that's exactly what would happen if the case were remanded. It could very well be that post-conviction counsel misapprehended the claims that the defendant wished to raise when she had a private conversation with the defendant. She certainly misapprehended her duty to withdraw or amend the petition. And she had to have a private conversation with the defendant to ascertain his constitutional contentions. So it may be that new counsel could add a new claim. Or it may be that new counsel could be more creative than me or anyone else and argue for a good faith change in the appending law. Or it may also be that the defendant wishes to withdraw his petition now that some attorney has looked at it and actually told him that his apprendee claim is substantively without merit. In which case, the defendant would not have to suffer the prejudice of having to meet the cause of prejudice test for filing a successive post-conviction petition. So there are other outcomes that could occur here. It's not necessarily that the petition would have to be dismissed following a motion to withdraw. It could be an amendment. There could be an explanation by the defendant. Or there could be the defendant withdrawing the petition. A lot of creative lawyering beyond you and the original lawyer and the trial judge who dismissed the petition. Maybe something else would happen other than the scenario I just related to. And we're going to go through all of those steps. I think it's constitutionally required under due process. But it's also required by this court's longstanding tradition of remanding cases for new second stage proceedings when unreasonable assistance occurs at the second stage. I would emphasize that it's not an empty formality. The duty to consult with the defendants to ascertain the defendant's contentions of constitutional error. There are often defendants who don't understand what they're raising in their pro se petition. And it needs to be amended. Or what they believe to be, say, a confrontation clause error or a hearsay error is really the opposite. And so if the pro se petition. Is this case one of the cases that you're giving us an example of? Is this such a case? We don't know because we don't know what the conversation was between counsel and the defendant. There was never a motion withdrawn. The defendant never got an opportunity to come in and say what he believed was meritorious or could have been meritorious about the petition that was filed. And that's ultimately what we're dealing with here is an incomplete record. We're simply speculating as to what the result would be if it went back below. But if we sent it back, then we would know. There wouldn't be a need to speculate. Either the defendant would have an amended petition or counsel would move to withdraw. Or the defendant would withdraw the petition and not suffer the prejudice of having to overcome the cause and prejudice test during successive petitions. Counsel, I have a question. In this posture, where the level, the standard is a reasonable level of assistance, does strategy come into play at all? Do we consider that like we do in a normal ineffective assistance of counsel claim? Is there any chance that counsel, who may have seen this as a very shaky claim, but felt there's a slim chance maybe by knowing the judge or other cases or the novelty of the issue or something that there was this slim possibility it could move forward? And so as a matter of strategy, they decided I'm going to stand on this? Are those considerations at all that we should look at or that should be considered in these types of cases? I don't think it would be unreasonable to give credence to a reasonable strategy if counsel had one. But in this case, there's no discernible strategic benefit to remaining silent after the state files a motion to dismiss, not only pointing out the substantive pitfalls in the proceded petition, but raising the affirmative defense of timeliness. In Perkins, this court was clear that counsel has to address timeliness if there are ways to address it. And here, there was no attempt by counsel to address timeliness, which was a dispositive issue in and of itself. So I would see how it could be strategic in this case for counsel to remain silent on that point. Counsel, can you tell me again what you say the reason is for granting a new second stage hearing if we assume that this petition is meritless and can't be amended to make it non-frivolous or give it any merit? What's the reason that you think we should send this back for a second stage? Well, first, I would quibble with, I would disagree that this petition has to be assumed to be meritless. Well, I'm thinking of that as, in my hypothetical, let's just assume that. Yes, Your Honor. I think that this court should adhere to decades of precedent instead of upending the longstanding precedent that was very recently reaffirmed in Addison, going all the way back through Suarez and Turner, that remand is required when the defendant is not granted reasonable assistance during second stage proceedings. But in addition to that, the defendant, there's nothing in the record to establish that the defendant was ever even advised that his petition lacked substantive merit, much less procedural merit. And the defendant may have wished to withdraw the petition to avoid the prejudice that comes from having a first petition denied. So I think those are two good reasons. I think if this court's looking for a third, it's also to give teeth to this court's ruling that counsel must withdraw. If these kinds of noncompliance is going to be met with a finding of harmlessness, it's almost going to always come up and then counsel will almost always be excused for failing to file a motion to withdraw, which I think everybody agrees is required when the petition is facially frivolous and cannot be amended to state a non-frivolous claim. Thank you very much, Counselor. Counsel Bickley. May it please the Court, opposing counsel. I'd like to go back to that last answer where counsel said, this court doesn't have to assume that the petition and the claim is frivolous. And it's right, it doesn't have to assume because they conceded it. They conceded it. The trial court agrees that it's frivolous. The trial court agrees that it was meritless. The appellate court agreed that it was meritless. And the state agrees that it's meritless. So there's no assumption there. What happens if this court remands is that it finds the trial court below had to withdraw due to ethics, which means the claim itself was so frivolous they had to withdraw and it was sanctionable for them not to. We would be sending this back to another attorney who would be faced with the same petition that this court has ruled as a matter of law is so frivolous that anyone who does not withdraw violates ethics. And the only thing counsel could do in that instance, particularly given this court's opinion in this case, would be to withdraw and the claim would be dismissed as meritless. Counsel, a couple things. I'd ask you to identify yourself. I'm sorry. Yeah. I'm Nick Muller for the people of the state of Illinois. Thank you, counsel. And the other, and now I'm skipping around a little bit, but what about this argument, the due process argument that, hey, at least the defendant will have a voice if, you know, they turn out withdraws? I would address that, Honor. I think first there's been a confusion that petitioners put forward. Due process and reasonable assistance or ineffective assistance, in the case of the Anders they're trying to relate to, are two separate claims. Due process is the state has done something that violates your right to due process. It has to be state action. The only way that comes down to your attorney is through the way that the state provided that attorney such that it was an effective assistance or in this case perhaps reasonable assistance. You can't, the attorney's failure to act, there is a mechanism for dealing with that and that is through a reasonable assistance claim. It's different from the due process claim. Because here the problem isn't that petitioner was silenced. Petitioner had his say when he filed his petition. The petition anticipated the arguments the state made, raised arguments against those state arguments and petitioner has given us nothing else he would have said had he had the chance. So the problem isn't that he wasn't allowed to speak. It's that the attorney chose to take his answer and go with it, direct the court to it in the petition. So there's not really a due process. Problem there because it's not that he wasn't allowed to speak. It's that he was in the initial petition and had nothing more to say. I think it also should be noted that the due process issue, because it's separate, this is a forfeited issue. It was not raised below. It was not raised in the PLA and the fact that it shares some similar facts with the reasonable assistance claim that was saved, that was preserved, doesn't relieve petitioner of the duty to alert the court that he was making a due process claim in the appellate court and this court in his PLA, which he did not do. So that claim is forfeited. Also, due process claims are only reversible if they are not harmless beyond reasonable doubt. Petitioner has conceded that his claim is meritless because the apprendee claim is meritless. It is untimely and it's barred by residue to come. So there's just no way, even if one overlooks forfeiture, even if one thinks somehow counsel parroting petitioner's words by directing the court to the petition is the same as silencing petitioner, even if we get past all those bars, no one here disagrees that this petition is meritless and so it can't get over that it would be harmless error. Turning back to the main claim, though, Mr. Petitioner. Counsel, I want to ask a question. Is this, this is the case where petitioner's counsel did not file a written response to the motion to dismiss, correct? Yes, Your Honor. Okay. At the hearing on the motion, he waived Mr. Huff's appearance, correct? Yes, Your Honor.  And it's your position that Mr. Huff received all the processing that was due and he was heard? Yes, Your Honor, because the mechanics of the due process claim, what you're entitled to is an opportunity to be heard. When your attorney has that opportunity to be heard and you've chosen to have an attorney, that satisfies due process. You may have a claim that you don't like what your attorney did, but that's not a due process claim. That's a claim of reasonable assistance in the post-conviction context, or it's a claim of ineffective assistance when you've got a constitutional right. But if your attorney elects not to make an argument, wouldn't it be a good idea to advise the defendant so he can come in and either get substitute counsel or argue himself? That would be an argument for best practice, Your Honor. And that does go to the question of whether the assistance was reasonable. But just so I'm clear, that's in the reasonable assistance arena. It's not the question of due process. So turning to that reasonable assistance, I think what we have to keep in mind is we're talking about a statutory right to reasonable assistance at the second stage, not the much heavier constitutional right to assistance in the trial and direct appeal proceedings. And this Court has been clear. There are three duties that counsel must perform. All the cases that say you have to remand if you do not get reasonable assistance are really talking about you have to remand if you don't complete the three duties under 651C. There's no dispute in this case that two of those duties, although counsel tried to say maybe post-conviction counsel didn't find all these claims on the bottom. There's no actual dispute that counsel signed a 651C certificate, and a presumption exists that counsel met with petitioner and asserted all his claims. There's been nothing to rebut that, nothing in the record. So under that presumption, it must stand that counsel did meet with petitioner, did discover all the claims petitioner wanted to bring, and it was the single claim petitioner did bring. Under that same concept, the need for counsel to review the record has not been challenged and can't be challenged now because there's nothing in the record to rebut. The only challenge under 651C petitioner now has made is that counsel did not amend the petition. But the duty is not to amend the petition. The duty is to the claims. This Court has been clear. Counsel has no need and no duty to find new claims on behalf of petitioner. Counsel's duties under reasonable assistance fall squarely to the claims actually raised by petitioner, that there is no dispute were asserted by the attorney and presented. So the duty has to be to amend the claim. And in order to say and overcome the presumption, excuse me, to overcome the presumption formed by the unchallenged 651C certificate, petitioner has to point to something in the record, not just that no amendment was made, but if you look at the cases, they have to point to what amendment could be made. Because counsel doesn't have to make an amendment. They have to make all necessary amendments. And in this case, it's not just creative lawyers. There are no amendments that could be made. There's nothing that can get past the untimeliness because counsel did bring this before. So there are no set of facts that say counsel's not responsible for not bringing this before because he did, or I'm sorry, that petitioner was not responsible for not bringing this before because he did. So the untimeliness can't be met. There are no facts that can overcome the res judicata. There's nothing that can overcome the fact that the apprentice claim being raised is meritless because there was no problem and no error cited with the death penalty proceedings that were had in petitioner's case and where he was found eligible for the death penalty. So since apprentice deals with only anything beyond the maximum, he was found eligible for death. There's no sentence that exists that could violate apprentice for petitioner. So there are no amendments to be made. So there's no question really that counsel complied with 651C. So all we're left with is, is there something left that makes what counsel did unreasonable? And I think this is a point where you have to see, it's reasonable assistance. It's assistance to petitioner in their post-conviction claims. And the only harm that's really been brought forward is that perhaps petitioner could have found new claims. But this court has been clear, there's no right to have an attorney find new claims on post-conviction. That is law that goes back and has not been changed or challenged. The only other argument made is, well, perhaps petitioner would have sung the light, noticed that his claim was meritless, and withdrawn it so that perhaps someday down the road he could find new claims to print. The problem with that is if you look at the facts of this case, this is the third time petitioner has raised this claim before the courts. Petitioner knows it's meritless. Petitioner knows lawyers think it's meritless. And the fact that the direct appeal and 21401 petition proceedings called his claim meritless, didn't stop petitioner from raising it in the post-conviction sense. So it's hard to believe that if another attorney came and said, this is meritless like everyone else told you, that all of a sudden petitioner is going to say, oh, you know what? I would like to withdraw. And the idea that he has some right to file a successive petition down the road because his first one turned out to be meritless, doesn't really, does not go with the way proceedings work in post-conviction. But by a quirk of timing, petitioner managed to escape the first stage, which is supposed to act as gatekeeping for claims like this. The fact that he was able to do that, to say that, well, if petitioner can tell him, withdraw this, I know you've said I've got all the claims you wanted to bring, which we know they haven't challenged. I know you've said that, but maybe you want some other ones. So let's just get rid of this, get a second bite of the apple down the road. That's very speculative. It presumes other claims may be out there, which goes against the typical presumption that a final conviction is not unconstitutional. And it gives petitioner a second bite at the apple. If you go to this particular case, it becomes even more difficult, because for this particular petitioner, he's outside the window of timeliness. Again, one of the reasons this claim fails is it's untimely. So even if he were to withdraw any new amended claim, any new reinstated petition or second petition, that's still going to be untimely. And so the things he'll have to allege and assert to overcome that untimeliness are the same types of things that will get him past a successive post-conviction court. And therefore, there's no real harm done. Because a petitioner in this case could come up with new claims and get past the fact that they're untimely, he's not going to be barred from doing so. So we come to the second reason counsel has been said to have been unreasonable, and that's that she didn't withdraw. It's important to note again that to say that she must withdraw is to say that she should have been saying that she committed sanctionable conduct, that every lawyer who has seen this case since had their own ethical obligations to report this attorney, and that what she did was something that's really a blemish on her record. And the question is, was she reasonable in what she did? It's important to at least underline that the question isn't meritlessness, because 50% of all claims that go to court and get a disposition are meritless. They lose. That's not the standard for whether someone has to withdraw or not. It has to be frivolous. It has to be so clearly meritless that no one could make a reasonable argument. In this case, Petitioner had made two arguments, or had made arguments against the various things that State said made his petition meritless, so there were arguments there. Counsel was appointed to help Petitioner to form that petition into something the court would look at. She sees he's made these arguments. She sees he's cited law. They're not good arguments, but the question of whether they're frivolous or merely weak is a hard decision to make, and it butts up against another ethical obligation on counsel's part, and that's zealous advocacy. So when you put these together, counsel has the option to say, here are the claims the State has raised, and I'm being more verbose than counsel did, but what she effectively did when the State said, here are the flaws with those claims, pointed the court to the petition. The petition has all the answers that there are that Petitioner wishes to put forth, and she said, I've met with Petitioner. I ascertained his claims. I've read the record, and I don't see any necessary amendments to make. That's reasonable, because otherwise, at least according to Petitioner, what she had to do was not just withdraw, but she had to explain to the court as one more voice telling the court why what Petitioner did was frivolous, not just meritless, but so unreasonably meritless that it was frivolous to file, and she could not go any further. That's not adversarial. That's a voice against Petitioner, and that's a harm against Petitioner, because the duty to withdraw does not come out of the obligation to provide reasonable assistance. A duty to withdraw in a frivolous claim comes out of the questions of ethics, of professional rules of responsibility, and while those sometimes overlap with the duty to provide reasonable assistance, they don't in this case, because the rules at issue are not rules meant to protect defendants. We're talking about rules of candor and the rule not to bring frivolous claims. Those are rules to protect the court. They're rules to protect the sense of justice coming from the courts. They actively harm Petitioner. They harm defendants because they make lawyers stop representing them, and so to say Petitioner can now claim that he needs a remedy from a rule that was not meant to protect him and that in effect would actually hurt him because it adds one more voice arguing to the court that his claims have no merit isn't reasonable, and it's not something that adds any benefit to Petitioner's filing post-conviction petitions. So unless the court has any further questions. Thank you very much. Thank you. Counsel, you can reply. Thank you, Your Honor. I want to quickly touch on the state's arguments with regard to due process because it claims that due process can only be violated by the state, but that's not how the United States Supreme Court has seen this issue, and in Anders it specifically talked about counsel's duty to the defendant as a due process right. It wrote, and I quote, fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, and then it goes on to explain that when counsel can't do that, due process requires counsel to withdraw so that the defendant can respond to counsel's arguments with regards to the defendant's claims. Let me ask you this on that due process claim. Have you raised that? It's suggested that you have not raised that argument. That's the second point I wanted to make about the state's argument here. These are not separate discrete claims. In your briefing, et cetera, in your petition for leave to appeal, do you raise the issue of due process? In the briefs, it's argued at length. In all of the briefs before this Court, in the petition for leave to appeal, we discuss the fundamental fairness of the appellate court's decision, and it's all wound up in the same decision by counsel to stand on the pro se petition and not amend it or withdraw. So it's not been forfeited because it's the single claim. It's an additional argument that explains why that claim has merit for this Court, and it's a live issue. It's one that this Court should consider with respect to what defendants are owed during second stage proceedings. With respect to the reasonable assistance of counsel, I really want to push back on this idea that this is just an ethical violation. Counsel has a 651C duty to amend a facially frivolous petition if there are arguable claims out there. So we don't know if counsel fails to disregard it. What is the requirement? Counsel's argued that the requirement of the lawyer is to amend the petition as it's presented to clean it up, make it more legally understandable, perhaps, than how the pro se person drafted it. Does the lawyer have an obligation to amend and raise new claims? Is that part of the allegation? Yes, if during the consultation with the defendant, the lawyer learns that the contentions of constitutional violations include other claims. If there were no duty for counsel, if there was no need for counsel to go beyond what was written in the pro se petition, there'd be no need for 651C to require the post-conviction attorney to meet with the defendant. Now, the state's... So have any cases said that? Are there any cases that say that counsel has an obligation to raise claims beyond those raised by the pro se petitioner? I'd have to do some more research on that, Your Honor, but I believe that there are cases out there that say counsel is not bound solely by the pro se petition that's filed, but by what counsel learns while representing the petitioner. We don't know what counsel learned while representing the petitioner here, or... So wouldn't that always be true? Let's say counsel, you know, rewrites the petition, the claim that's raised, but only stays within the confines of the claim that was framed by the pro se petitioner. Do we immediately assume that, therefore, the presumption of 651 does not apply, because we don't know that there might have been other claims? Is that what you're arguing? No, Your Honor. I think that would turn the presumption on its head. I mean, it is, in fact, a presumption, and you have to be able to look at what counsel did on the record to rebut the presumption. Here we know what counsel did, which was nothing. It wasn't like counsel went in and reformed the claim or argued for a good faith change in the law, counsel did absolutely nothing and was completely silent after the state gave the last word, arguing that this petition lacked merit. And the state argues that counsel has an obligation to add claims. That's not exactly what the law is. It's that the law is counsel has no duty to search the record for new claims. But if the defendant tells counsel about a new constitutional claim that wasn't in the pro se petition, I would argue that counsel has a 651c duty to include that in a new amended petition or a supplemental petition. But that's a little bit different than what you just said a few moments ago, that counsel's obligated to raise new claims, and it seemed like you were suggesting even outside of the defendant necessarily saying, hey, I think I have this claim. No, I think counsel has an obligation to confer with the defendant, and the defendant will often provide counsel with a lot of factual information about the case, which the defendant may or may not know gives rise to a legal claim. But that duty of consultation is for that very purpose, to shape the defendant's claims into legal parlance and then put those before the court. And so that's going to be necessarily an off-the-record conversation, but if that conversation gives rise to a claim, a constitutional claim by the defendant, counsel's 651 duty includes the duty to put that claim in the proper legal form. But you're not stating that counsel has an obligation outside of the defendant through conversation or whatever, suggesting an additional claim that counsel somehow has an obligation to come up with new claims and to search the record for new claims? Counsel doesn't have a right, counsel has no duty to search the record for new claims. Counsel has a duty to consult with the defendants to discern the defendant's claims of constitutional deprivations. So I also want to note that the state argues that their timeliness will always be a bar, even if this case goes back for a new first stage, even if the defendant were to withdraw, but that's not entirely true. The defendant has no duty to raise timeliness or address timeliness in the pro se petition, and counsel has no duty to discuss timeliness unless it's raised by the state. The state has to affirmatively raise timeliness as a defense, and a conscientious prosecutor could look at a claim brought by Mr. Hough or any other first stage defendant and say, I'm not going to raise timeliness because this is a viable live claim and wasn't raised for whatever reason within the two years that was required, but that doesn't necessarily mean that timeliness will always be a bar to any subsequently filed first stage petition from Mr. Hough or from any pro se petitioner. May I ask one last question? Yes, Your Honor. This is a second stage case, and we all know that that is the area where there's been a great deal of litigation. Our next case, every term we have one or two cases that are about the same issue, second stage, 651C, reasonable assistance. This is clearly an issue that's right before the court is the second stage. What would have happened if the trial court had ruled on this petition as it was filed as the court has the authority to do under the statute in the first stage and looked at it and said this is meritless and dismissed it? Had the court summarily dismissed it at first stage,  and then the defendant would have had a voice during the filing of the case. I'm sorry, maybe I missed. Let's say this is the first stage. Court looks at it, says this is meritless, and dismisses it. And that's the end, right? I would, well, if the defendant doesn't file a notice of appeal, yes, that would be the end. Okay, let's say there's a notice of appeal. Is that a meritorious appeal? Probably not, Your Honor. Okay, so at the end of the day, had this been the court in the first stage, looking at it on its face, you agree that under the law it was meritless and the trial court would have been correct to dismiss it. Instead, the court went to the second stage and gave the person a lawyer and gave more process to the person. At the end of the day, we end up in the same place, correct? You agree that this is meritless? I agree that the apprendi claim as written in the pro se petition could have been dismissed first stage, in which case if I were representing the defendant in that appeal, I would be filing a Finley motion. But even in that scenario, the defendant would have a voice and an opportunity to respond and have some assurance that the defendant was given process by the system. Where would the petitioner have an opportunity to be heard? An appeal? Yes, Your Honor. And you said if you were the lawyer, you would file the Finley? Correct, Your Honor. In which case the defendant would have been given notice that I have filed a motion to withdraw and given 30 days to file a response, 35 days usually to file a response and been able to participate in the process. Here the defendant is completely silenced. So just so that we're real clear what we're talking about. Meritless petitions. Everybody agrees. Meritless petitions. More and more process. More and more remand. New lawyers. New hearings. And all of them ending up in the same place. That's what you're advocating, correct? No, Your Honor. I think that there are times when there are pro se petitions that advance either on a 90-day violation or even on a gist finding. Sometimes even once they get to second stage, they lack merit. But other times, they would have been dismissable at the first stage. But post-conviction counsel, conscientious post-conviction counsel finds claims of constitutional violations, and that's what we're concerned about. Claims of constitutional violations. It is the prerogative of the legislature, and they have decided that in Illinois, defendants have to file their pro se, their first petitions pro se. They don't have to, but almost always do. And that results in a lot of petitions that may not be properly formed, but conscientious counsel, once appointed, could find real constitutional claims. And so that's what we're concerned about, is did counsel act responsibly and reasonably under the law? And it's not like this court hasn't. I know I interrupted you with a question, but your time is completed. Okay. Thank you, Your Honor. We're simply asking this court to leave the matter for new second stage proceedings because post-conviction counsel was unreasonable in this case. Thank you, Your Honor. Thank you both. This case, Agenda Number 1, Number 128492, People of the State of Illinois v. Richard Huff, will be taken under advisory.